IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN WINSTON FORRESTER, | § | |
| JOHN PHILIP FORRESTER, | § | |
| JAMES TERRY, JASON WEBB, | § | |
| ALBERTO RODRIGUEZ, | § | |
| JASON FLOYD SMITH, | § | |
| ROBERT BENNINGER, | § | |
| JOSHUA HOWELL, and JOSE PEREZ | § | CIVIL ACTION NO. 6:17-CV-561 |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| WOOD COUNTY, TEXAS, | § | |
| JAMES A. BROWN, in his individual capacity, | § | |
| WILLIAM MILES TUCKER, in his individual | § | |
| capacity, KELLY SMITH, in his individual | § | |
| capacity, KEVIN ATKINSON, in his individual | § | |
| capacity, STEPHEN CATES, in his individual | § | |
| capacity, JOHN A. HAMMACK, and | § | |
| JERRY WAYNE BOONE | § | |
| | § | |
| *Defendants.* | § | JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs John Winston Forrester ("Winston Forrester"), John Philip Forrester ("John Forrester"), James Terry, Jason Webb, Alberto Rodriguez, Jason Floyd Smith, Robert Benninger, Joshua Howell, and Jose Perez bring this action against Defendants Wood County, Texas, James A. Brown, William Miles Tucker, Kelly Smith, Kevin Atkinson, Stephen Cates, John A. Hammack, and Jerry Wayne Boone pursuant to 42 U.S.C. § 1983 for violating plaintiffs' constitutional rights and several state law torts and would show the court as follows:

### I. PARTIES

1. Plaintiff Winston Forrester is a resident of the State of Texas.

2. Plaintiff John Philip Forrester is a resident of the State of Texas.

3. Plaintiff James Terry is a resident of the State of Texas.

4. Plaintiff Jason Webb is a resident of the State of Texas.

5. Plaintiff Alberto Rodriguez is a resident of the State of Texas.

6. Plaintiff Jason Floyd Smith is a resident of the State of Texas.

7. Plaintiff Robert Benninger is a resident of the State of Texas.

8. Plaintiff Joshua Howell is a resident of the State of Texas.

9. Plaintiff Jose Perez is a resident of the State of Texas.

10. Defendant Wood County, Texas is a governmental entity organized under the laws of the State of Texas and has already appeared in this suit.

11. Defendant James A. Brown is a resident of the State of Texas and may be served at his last known address at 5479 FM 49, Hawkins, Texas 75765.

12. Defendant Williams Miles Tucker is a resident of the State of Texas and may be served at his last known address at 240 PR 6290, Golden, Texas 75444.

13. Defendant Kelly Smith is a resident of the State of Texas and has already appeared in this suit.

14. Defendant Kevin Atkinson is a resident of the State of Texas and has already appeared in this suit.

15. Defendant Stephen Cates is a resident of the State of Texas and has already appeared in this suit.

16. Defendant John A. Hammack is a resident of the State of Texas and has already appeared in this suit.

17. Defendant Jerry Wayne Boone is a resident of the State of Texas and may be served at his last known address at 782 CR 1326, Quitman, Texas 75783.

## II. VENUE AND JURISDICTION

18. This action is brought in part pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.

19. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over plaintiffs' pendant state law claims by virtue of the Judicial Improvements Act of 1990, 28 U.S.C. § 1367.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as all of the events alleged herein occurred within this district and all defendants are residents of the State of Texas.

## III. FACTS

21. This case arises out of an almost unfathomable abuse of the public trust by Wood County, its sheriff as the Wood County policymaker, and several Wood County sheriff's deputies, including numerous citizens that, upon information and belief, the sheriff de facto deputized and co-opted for his own purposes. This abuse of trust was systemic, deep-rooted, and pervasive.

*Winston Forrester learns of the Blackwell mineral lease*

22. Winston Forrester is an independent oilman who regularly conducts business in East Texas. As part of his business, he acquires, owns, and operates oil and gas wells to extract crude oil and natural gas. Real estate can broadly be divided by the mineral estate, which exists under the surface and consists of all minerals located underground, and the surface estate, which exists above ground. Mineral estates are often leased for the development and sale of minerals, oil, and natural gas underneath the surface. Winston Forrester regularly purchases and sells oil and gas properties because such leases grant rights to the lessee to enter and extract minerals from the land.

23. One such property became available in 2015 in Wood County, just north of Quitman, Texas. The lease on the property was originally created by W.T. and Annie May Blackwell in 1967 (the "Blackwell lease"). The Blackwell lease included a well (the "Blackwell well") that was originally drilled in 1968 to access the minerals. To drill, complete, and operate the well, the original operators built a road to access the well from County Road 1326 (the "Blackwell well road"). The Blackwell well road, which has been used openly and notoriously for nearly 50 years, begins at County Road 1326, crosses over the neighboring property located directly south of the Blackwell lease, and extends north to a well on the Blackwell lease. A map depicting the relevant properties and areas is included below:



*Sheriff James A. Brown owns the surface estate of the property*

24. Winston Forrester was interested in purchasing the Blackwell lease property. The surface estate of the Blackwell lease was owned by Sheriff James A. Brown, the then-sheriff of Wood County. Sheriff Brown was elected to his position by the voters of Wood County in 2012 and took office on January 1, 2013. At all times relevant, he was the chief law enforcement officer for Wood County and established and implemented all law enforcement policy for the County. Sheriff Brown was not a licensed Texas peace officer when he was elected sheriff and only received his certification after becoming sheriff. Upon information and belief, Sheriff Brown had been a licensed Texas peace officer for less than 10 months when his campaign of harassment, intimidation, and abuse of office against Winston Forrester began.

25. Although Sheriff Brown's official county website states that he "took a solemn oath . . . to enforce the Law and to protect the Constitution," that oath apparently did not apply to plaintiffs. Enforcing the law and protecting lives apparently comes second to Sheriff Brown keeping Winston Forrester and his associates off his property.

*Sheriff Brown's campaign of retaliation against Winston Forrester*

26. Winston Forrester purchased the Blackwell lease effective October 1, 2015. On or about October 24, 2015, Winston Forrester attempted to access the Blackwell lease via a gate on Farm Market Road 2966 ("FM 2966") to recover millions of dollars' worth of equipment he had rented that had been stranded in the mud on the Blackwell lease following a heavy rainstorm. Defendant John A. Hammack, an employee of Sheriff Brown, met Winston Forrester at the gate, shouting profanities and attempting to prevent Winston from entering upon the Blackwell lease—i.e. Winston Forrester's own property. Despite

Hammack's shouting and profanities, Winston Forrester did not touch Hammack and then entered onto his property to free the stranded equipment.

27. Shortly thereafter, Winston Forrester was approached by two Wood County sheriff's deputies, Sergeant Stephen Cates and Deputy Kevin Atkinson, who advised that they were there to investigate an "assault" by Winston Forrester allegedly against Hammack. Despite the complete and total falsity of this charge, the Wood County sheriff's deputies falsely seized, detained, and arrested Winston Forrester by placing him in handcuffs while the claimed "investigation" continued. Deputy Atkinson later removed the handcuffs and advised Winston Forrester that there would be no charges.

28. A few days later, on or about October 26, 2015, Winston Forrester again went to his property on the Blackwell lease via the gate on FM 2966 to complete additional work at the Blackwell well. When Winston Forrester attempted to leave, he noticed that Hammack had blocked the gate with a truck. Just as they had days before, employees of the Wood County sheriff's office again arrived on the scene to harass and intimidate Winston Forrester, this time due to a claimed "trespassing complaint" despite the fact that Winston Forrester was on his own property and had an absolute right to extract minerals from the mineral estate. The Wood County sheriff's deputies, Lieutenant Kelly Smith and Deputy Atkinson, issued Winston Forrester a misdemeanor criminal mischief citation after informing him that their supervisor, Captain Tucker, had directed them to arrest Winston Forrester "no matter what." Upon information and belief, Captain Tucker's directive came from Sheriff Brown. Lieutenant Smith and Deputy Atkinson told Winston Forrester that if he returned to the Blackwell lease, he would be arrested.

29. Because of the continual efforts to prevent him from accessing his *own* property, Winston Forrester sought and obtained injunctive relief in the 402nd Judicial

District Court of Wood County, which prohibited Sheriff Brown and his agents, representatives, employees, or anyone else under his control from blocking Winston Forrester's and his employees' access to the Blackwell well by interfering with Winston Forrester's operations, blocking the easement—i.e. the Blackwell well road—with equipment, vehicles, or any other obstruction. Moreover, the court enjoined any threatening of Winston Forrester or his employees, locking any gates along the Blackwell well road without providing Winston Forrester access, and prevented the building of any fence along the road by Sheriff Brown or his agents and employees.

30. On or about October 28, 2015, Captain Tucker threatened Winston Forrester that the misdemeanor criminal mischief charge against him would be enhanced to a felony charge in retaliation for Winston Forrester seeking injunctive relief. Unbeknownst to Winston Forrester, Captain Tucker submitted a complaint that resulted in the state court issuing a felony warrant for Winston Forrester's arrest. Winston Forrester was eventually arrested in Titus County under the authority of the retaliatory arrest warrant. He has never been indicted for this charge that was, upon information and belief, brought by the order of Sheriff Brown in retaliation for Winston Forrester attempting to access the Blackwell lease, which is located underneath the surface estate owned by Sheriff Brown.

*Sheriff Brown's deputized henchman attempts to shoot plaintiffs on Sheriff Brown's order*

31. On the morning of November 2, 2015, Winston Forrester, his father John Forrester, and several associates set out to go to the Blackwell lease so that Winston Forrester could conduct the business for which he bought the lease: extracting minerals from the mineral estate. After turning on the Blackwell well road, John Forrester exited his vehicle to open a gate and let the convoy through. Just then, Jerry Wayne Boone exited a nearby trailer yelling

and screaming profanities at Winston Forrester's party. Some of Winston Forrester's associates, including Jason Smith, Alberto Rodriguez, Jason Webb, and Robert Benninger, exited their vehicles to confirm their location on the Blackwell well road. This location was confirmed. Jose Perez stayed inside his vehicle while James Terry exited his vehicle to close the gate behind the Winston Forrester convoy.

32. Boone briefly returned to his trailer only to emerge moments later with a black 9-millimeter handgun pointed directly at John Forrester. Upon information and belief, Boone had received orders from Sheriff Brown to shoot them. Boone was on his cell phone during the assault and had previously told Winston Forrester that he had been authorized by Sheriff Brown to stop Winston Forrester's access to the Blackwell well "by any means necessary." Boone had also told Winston Forrester that if he had a problem with Boone to take it up with Sheriff Brown. Boone then began firing. He struck Winston Forrester's father in the lower leg, causing him to immediately collapse to the ground. Boone stood over Winston Forrester's father and pointed his gun directly at John Forrester's head to shoot and kill him from point-blank range. In an effort to save his father's life, Winston Forrester shouted at Boone to distract him, which resulted in Boone turning and firing at Winston Forrester and striking him in the back. Upon being shot, Winston Forrester retreated to his truck.

33. With Winston Forrester and his father down, Boone began firing at the other men that were with Winston Forrester's party. Rodriguez, Smith, and Webb all sustained injuries while attempting to flee and avoid Boone's murderous rampage. Robert Benninger took evasive action to avoid gunfire. In shock, Joshua Howell took shelter inside a vehicle to avoid the gunfire. Boone pointed the gun at Jose Perez while he sat in his vehicle and ordered him to leave the property. Boone then approached James Terry, held the gun to his head, and ordered him to leave.

*Even after Boone's unsuccessful murder attempt, Sheriff Brown continues his unlawful assault on Winston Forrester's rights*

34. While sitting in his truck and bleeding from a gunshot wound to his back, Winston Forrester called 9-1-1 for emergency assistance. Unfortunately, he got the Wood County sheriff's office. Wood County deputies arrived on the scene and, upon information and belief, did nothing. Boone had stopped shooting and the Wood County deputies, upon information and belief, refused to arrest Boone on authority from Sheriff Brown despite multiple instances of attempted murder.

35. In or about late November 2015, Winston Forrester and his father attempted to return to the Blackwell lease for the first time following the shooting. When they turned onto the Blackwell well road, they observed Boone standing on his front porch brandishing a gun. He took no direct action to stop them from accessing the Blackwell lease at that time, but the point was clear: Sheriff Brown did not want Winston Forrester stepping foot on the Blackwell lease.

36. Upon information and belief, in November 2015 Sheriff Brown caused to be constructed a barbed wire barricade with a "no trespassing" sign across the Blackwell well road to prevent Winston Forrester's access to the Blackwell well. Further, upon information and belief, Sheriff Brown and/or his employees or agents caused multiple trees along the Blackwell well road to be cut down to create a large barrier across the Blackwell well road to prevent Winston Forrester's access to the Blackwell well.

37. Winston Forrester eventually installed an oil flow line from the well on the Blackwell lease to a series of storage tanks. On or about December 16, 2015, Winston Forrester discovered that his oil flow line had been sabotaged and diverted into a nearby pond, causing a large oil spill. Upon information and belief, Sheriff Brown ordered the oil flow line

to be sabotaged to prevent Winston Forrester from extracting minerals underneath Sheriff Brown's surface estate property. Winston Forrester eventually sought and received injunctive relief in state court against Sheriff Brown to allow him to access and use the Blackwell lease. Nevertheless, Sheriff Brown's tireless campaign to use his power as the Wood County sheriff to intimidate, harass, assault, and frustrate Winston Forrester from using his property had its desired effect: Winston Forrester was forced to cease operations on the Blackwell lease.

## IV. CAUSES OF ACTION

1. **Federal Claims**

    **Count One:   Violation of 42 U.S.C. § 1983 by Wood County**

    38. Plaintiffs incorporate the above paragraphs by reference.

    39. Title 42 U.S.C. § 1983 provides in relevant part:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

    40. Wood County is a "person" as that term is used in 42 U.S.C. § 1983.

    41. Sheriff Brown is the final policymaker responsible for developing and implementing law enforcement policy for Wood County.

    42. Wood County violated plaintiffs' constitutional rights by:

    a. Adopting a policy or creating a custom of harassment, oppression, and retaliation for the lawful use of property by private citizens;

    b. Adopting a policy or creating a custom under which employees unconstitutionally seize, falsely detain, and falsely arrest private citizens;

    c. Adopting a policy or creating a custom under which employees and private citizens who have been made de facto deputies unconstitutionally seize private citizens and use excessive force;

    d. Adopting a policy or creating a custom under which employees violate the Fourth Amendment rights of citizens;

    e. Adopting a policy or creating a custom under which a private citizen is deputized and co-opted for illegal purposes;

    f. Adopting a policy or creating a custom under which subordinates, including private citizens who are made de facto deputies, are unsupervised and untrained;

    g. Acting with deliberate indifference in supervising and training employees and de facto deputies who committed the wrongful acts described herein; and

    h. Adopting a policy or creating a custom under which employees and deputized private citizens are authorized and directed to shoot at unarmed private citizens in retaliation for attempting to access their property

**Count Two:   Violation of the Fourth Amendment and Fourteenth Amendment (unlawful seizure) by defendants Wood County, Sheriff Brown, Captain Tucker, Lieutenant Smith, Sergeant Cates, and Deputy Atkinson**

43. Plaintiffs incorporate the above paragraphs by reference.

44. At all times relevant, defendants Wood County, Sheriff Brown, Captain Tucker, Lieutenant Smith, Sergeant Cates, and Deputy Atkinson acted under color of state law and pursuant to customs, practices, and/or policies of Wood County as adopted and/or condoned by Sheriff Brown, the final policymaker for Wood County.

45. Wood County, Sheriff Brown, Captain Tucker, Lieutenant Smith, Sergeant Cates, and Deputy Atkinson are all "persons" as that term is used in 42 U.S.C. § 1983.

46. On or about October 24, 2015, Wood County deputy officers Deputy Atkinson and Sergeant Cates, acting on orders from Sheriff Brown, illegally and falsely detained, seized, and arrested Winston Forrester by placing him in handcuffs while ostensibly conducting an "investigation" that resulted in no criminal charge, which was done in retaliation for Winston Forrester attempting to enter onto the Blackwell lease on which Sheriff Brown in the owner of the surface estate.

47. On or about October 26, 2015, Captain Tucker, upon information and belief, acting on orders from Sheriff Brown, ordered that Winston be arrested "no matter what" in retaliation for Winston attempting to enter onto the Blackwell lease on which Sheriff Brown is the owner of the surface estate. Captain Tucker made this order to Deputy Atkinson and Lieutenant Smith, who unlawfully arrested, detained, and seized Winston.

48. As a result of the actions of Sheriff Brown, Winston Forrester was illegally and unconstitutionally arrested, detained, and seized on multiple occasions by Captain Tucker, Lieutenant Smith, Sergeant Cates, and Deputy Atkinson. These defendants' conduct was unlawful, violated clearly established law, and was objectively unreasonable.

**Count Three: Violation of the Fourth Amendment and Fourteenth Amendment (excessive force) by defendants Wood County and Sheriff Brown**

49. Plaintiffs incorporate the above paragraphs by reference.

50. At all times relevant, defendants Wood County and Sheriff Brown acted under color of state law and pursuant to customs, practices, and/or policies of Wood County as adopted and/or condoned by Sheriff Brown, the final policymaker for Wood County law enforcement policy.

51. Wood County and Sheriff Brown are "persons" as that term is used in 42 U.S.C. § 1983.

52. Wood County and Sheriff Brown unlawfully seized Winston Forrester and John Philip Forrester by the use of physical force. Wood County and Sheriff Brown, upon information and belief, authorized and directed the unlawful shooting of both Winston Forrester and his father, resulting in severe injuries to both. These injuries were directly and only caused by the shooting.

53. Plaintiffs Alberto Rodriguez and Jason Webb suffered physical injury while attempting to evade Boone's shots, each requiring surgical treatment and resulting in permanent disability. Plaintiff Jason Floyd Smith suffered physical injury while attempting to evade Boone's shots.

54. Plaintiffs Alberto Rodriguez, Jason Floyd Smith, Jason Webb, Robert Benninger, Joshua Howell, Jose Perez, and James Terry were present at the time of Boone's ordered rampage and all suffered severe psychological injuries directly and only resulting from the attempted shooting.

55. Wood County's and Sheriff Brown's actions in formulating and enforcing a policy of, upon information and belief, ordering de facto deputies to open fire on private citizens to prevent them from accessing property were objectively unreasonable and violated clearly established law.

**Count Four: Violation of Fourteenth Amendment (substantive due process) by Wood County and Sheriff Brown**

56. Plaintiffs incorporate the above paragraphs by reference.

57. At all times relevant, defendants Wood County and Sheriff Brown acted under color of state law and pursuant to customs, practices, and/or policies of Wood County as adopted and/or condoned by Sheriff Brown, the final policymaker for Wood County law enforcement policy.

58. Wood County adopted a policy or custom by Sheriff Brown, as the final policymaker, upon information and belief, of ordering the shooting of private citizens trying to

access property to which they had a lawful right of access. The conduct of Wood County and Sheriff Brown, upon information and belief, in making a private citizen a de facto deputy, ordering the de facto deputy to shoot other citizens, and standing by while the de facto deputy opened fire and struck private citizens was an exercise of official power without any reasonable justification and was egregious, shocks the contemporary conscience, and was so brutal and offensive that it does not comport with traditional ideas of fair play and decency.

59. Wood County and Sheriff Brown acted intentionally and/or with deliberate indifference to the rights of plaintiffs. As a result, plaintiffs Winston Forrester, John Philip Forrester, Alberto Rodriguez, Jason Floyd Smith, Jason Webb, Robert Benninger, Joshua Howell, and James Terry suffered injury.

60. It was clearly established on November 2, 2015, that a county sheriff could not order the unlawful shooting of private citizens. Wood County's and Sheriff's Brown's actions were taken entirely without lawful authority and were objective unreasonable from the viewpoint of a reasonable county sheriff.

**2.   State Law Claims**

   **Count Five:   Assault by Boone**

61. Plaintiffs incorporate the above paragraphs by reference.

62. On or about November 2, 2015, defendant Jerry Wayne Boone intentionally, knowingly, and/or recklessly caused bodily injury to plaintiffs Winston Forrester, John Philip Forrester, Alberto Rodriguez, Jason Floyd Smith, and Jason Webb by firing multiple rounds from a handgun in an attempt to murder these plaintiffs. Boone intentionally or knowingly threatened plaintiffs Robert Benninger, Joshua Howell, and James Terry with imminent bodily injury by firing at them in the attempted murder described above. Boone intentionally or knowingly threatened plaintiffs James Terry and Jose Perez with imminent bodily injury by pointing his weapon at them

and placing them in fear of imminent bodily injury. Boone knew or should have known that plaintiffs would regard the contact as offensive or provocative.

63. As a result of the assault described herein, plaintiffs have suffered bodily and/or mental and/or emotional injury and harm.

**Count Six:   Intentional Infliction of Emotional Distress by Sheriff Brown and Boone**

64. Plaintiffs incorporate the above paragraphs by reference.

65. Sheriff Brown and his de facto deputy Jerry Wayne Boone waged a campaign of harassment and intimidation against Winston Forrester to prevent him from accessing his property. This campaign included Sheriff Brown, upon information and belief, ordering Boone to confront Winston Forrester, verbally assault him, and attempt to physically prevent him from entering his property on numerous occasions. Sheriff Brown, upon information and belief, ordered his subordinates in the Wood County sheriff's office to falsely detain Winston Forrester on numerous occasions. When this proved ineffective, Sheriff Brown directly ordered Boone, upon information and belief, to shoot Winston Forrester. This order resulted in Winston Forrester and his father being shot and wounded and Boone leveling his weapon at John Forrester's head to execute him. It also resulted in Alberto Rodriguez, Jason Floyd Smith, and Jason Webb suffering physical injuries attempting to escape Boone's gunfire. Robert Benninger and Joshua Howell were forced to take cover to avoid being killed. Boone leveled his gun at Jose Perez and ordered him to leave the property. Boone then held his gun to James Terry's head and forced him off the property.

66. Sheriff Brown's and Boone's actions described herein were taken intentionally and/or recklessly. Their conduct was patently extreme and outrageous, as it included an attempt to shoot plaintiffs. As a result of the conduct described herein, each of these plaintiffs suffered and continues to suffer severe emotional distress for which Sheriff Brown and Boone are liable.

**Count Seven:  False Arrest by Sheriff Brown, Captain Tucker, Deputy Atkinson, Lieutenant Smith, Sergeant Cates, and Hammack**

67. Plaintiffs incorporate the above paragraphs by reference.

68. Upon information and belief, Sheriff Brown ordered Captain Tucker to utilize Deputy Atkinson, Lieutenant Smith, Sergeant Cates to arrest, detain, and seize Winston Forrester "no matter what" on October 24 and October 26, 2015. John Hammack also prevented Winston Forrester from leaving the Blackwell lease on October 26, 2015, by blocking the access gate on FM 2966. The conduct of Sheriff Brown, Captain Tucker, Deputy Atkinson, Sergeant Cates, Lieutenant Smith, and Hammack described herein was willful and directed at physically detaining Winston Forrester to restrain his movement from one place to another. The actions these defendants took against Winston Forrester was without his consent. These defendants had no lawful authority to detain Winston Forrester on these occasions, as the detentions were made in retaliation for Winston Forrester attempting to access his property on the Blackwell lease—property that Winston Forrester had a legal right to access. There was no legal authority or justification for either detention, as Winston Forrester had clearly committed no assault and had not committed criminal mischief.

69. Besides blocking Winston Forrester from exiting through the access gate on FM 2966 on October 26, 2015, Hammack also provided false information to law enforcement authorities on or about October 24, 2015—that he was assaulted by Winston—that preceded Winston's false arrest by Sheriff Brown, Captain Tucker, Deputy Atkinson, Sergeant Cates, and Lieutenant Smith. Hammack had no legal authority for this detention.

**Count Eight:  Conspiracy by Sheriff Brown, Captain Tucker, Deputy Atkinson, Lieutenant Smith, Sergeant Cates, Hammack, and Boone**

70. Plaintiffs incorporate the above paragraphs by reference.

71. Sheriff Brown, Captain Tucker, Deputy Atkinson, Sergeant Cates, Lieutenant Smith, and Hammack together jointly conspired to falsely and unlawfully arrest and detain Winston Forrester on both October 24, 2015, and October 26, 2015. This unlawful purpose was accomplished by Winston's multiple unlawful and unconstitutional detentions and arrests on those dates by Deputy Atkinson, Sergeant Cates, and Lieutenant Smith. As a result of the unlawful and false arrests, Winston was harmed in an amount within the jurisdictional limit of this court.

72. Sheriff Brown and Boone together jointly conspired to assault plaintiffs on November 2, 2015, when, upon information and belief, Sheriff Brown ordered Boone, his de facto deputy, to "shoot them." This unlawful purpose was accomplished when Boone opened fire on the plaintiffs, striking Winston and his father, and causing physical, mental, psychological, and/or emotional injury to Alberto Rodriguez, Jason Floyd Smith, Jason Webb, Robert Benninger, and Joshua Howell. All plaintiffs suffered injuries directly and proximately caused by the unlawful conspiracy described herein.

## V. ATTORNEYS' FEES

73. With regard to plaintiffs' claims under 42 U.S.C. § 1983, pursuant to the terms of 42 U.S.C. § 1988, plaintiffs are entitled to recover against defendants a reasonable amount of attorneys' fees incurred by plaintiffs by reason of the above circumstances. Plaintiffs have been compelled to employ the services of Messer, Rockefeller & Fort, PLLC to file this lawsuit and to pursue plaintiffs' claims herein. Plaintiffs are entitled to recover those attorneys' fees. Plaintiffs are further entitled to recover court costs and other expenses incurred in the prosecution of this suit.

## VI. DAMAGES

74. Plaintiffs incorporate the above paragraphs by reference.

75. The above-described acts, omissions, failures, and conduct of defendants have

caused plaintiffs significant damages, and plaintiffs are entitled to recover from defendants all actual, punitive, exemplary, and statutory damages available and recoverable, including but not limited to the following:

  a. Actual damages
  b. Physical pain and suffering suffered in the past;
  c. Physical pain and suffering in the future;
  d. Mental anguish suffered in the past;
  e. Mental anguish in the future;
  f. Medical care and treatment in the past
  g. Medical care and treatment that in reasonable probability will be sustained in the future; and
  h. Exemplary and punitive damages

76. In addition, plaintiffs are entitled to recover the amount of their claims plus interest pursuant to any applicable statute, including but not limited to Texas Insurance Code § 542.060.

## VII.   JURY DEMAND

77. Plaintiffs respectfully request that this cause by tried before a jury.

## VIII.   PRAYER

WHEREFORE, Plaintiffs John Winston Forrester, John Philip Forrester, James Terry, Jason Webb, Alberto Rodriguez, Jason Floyd Smith, Robert Benninger, Joshua Howell, and Jose Perez pray that they have judgment against the defendants for the claims outlined herein and that they recover all damages alleged herein, including all actual and punitive damages to which they are justly entitled. Plaintiffs further respectfully request their reasonable and necessary attorneys' fees as provided by law, costs of court, pre-judgment and post-judgment interest as provided by law, and such other relief to which the plaintiffs may be justly entitled.

Respectfully submitted,

*/s/ Wm. Andrew Messer*
**WM. ANDREW MESSER**
State Bar No. 13472230
andy@txmunicipallaw.com
**BRETT GARDNER**
State Bar No. 24078539
brett@txmunicipallaw.com
**ASHLEY MCSWAIN**
State Bar No. 24091100
ashley@txmunicipallaw.com
**MESSER, ROCKEFELLER & FORT, PLLC**
6371 Preston Road, Suite 200
Frisco, TX 75034
972.668.6400 – Telephone
972.668.6414 – Facsimile

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, I electronically served the foregoing document via the clerk of the court for the U.S. District Court, Eastern District of Texas to all counsel of record.

*/s/ Wm. Andrew Messer*
**WM. ANDREW MESSER**