THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN WINSTON FORRESTER, JOHN PHILIP FORRESTER, JAMES TERRY, JASON WEBB, ALBERTO RODRIGUEZ, JASON FLOYD SMITH, ROBERT BENNINGER, JOSHUA HOWELL, and JOSE PEREZ<br>　　　Plaintiffs<br><br>v.<br><br>WOOD COUNTY, TEXAS, JAMES A. BROWN, in his individual capacity, WILLIAM MILES TUCKER, in his individual capacity, KELLY SMITH, in his individual capacity, KEVIN ATKINSON, in his individual capacity, STEPHEN CATES, in his individual capacity, JOHN A. HAMMACK, and JERRY WAYNE BOONE<br>　　　Defendants | §§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 6:17-CV-561 |

## JAMES A. BROWN'S ORIGINAL COUNTERCLAIM AGAINST JOHN WINSTON FORRESTER

TO: THE HONORABLE JUDGE FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION

COMES NOW Defendant/Counter-Plaintiff James A. Brown in the above-styled and numbered cause of action ("Brown") and files this Original Counterclaim against John Winston Forrester and states as follows:

### PARTIES

1. Defendant/Counter-Plaintiff James A. Brown is a resident of the state of Texas.

2. Plaintiff/Counter-Defendant John Winston Forrester is a resident of the state of Texas and has already appeared in this suit.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this district pursuant to 28 USC § 1391, as the events or omissions that give rise to this counterclaim occurred in this district, the property at issue is situated in this district, and the parties are residents of the State of Texas.

## INTRODUCTION AND OVERVIEW

5.     James Brown is a landowner in Wood County, Texas.  John Winston Forrester has described himself as an independent oil and gas operator, who claims to have purchased whatever rights may have still existed in an old mineral lease under a portion of Mr. Brown's land.  Although discovery has just begun in this case, preliminary information indicates that lease expired and terminated years ago.  Rather than negotiating and paying for a new mineral lease and access rights across adjoining properties to see if he could salvage anything from the old leasehold, Forrester sought to bully his way across property owned by Mr. Brown and others that was never even within the boundaries of the old mineral lease and through which Forrester had no right of access.  When adjoining landowners resisted that bullying, Forrester maliciously prosecuted a civil suit against them, and included in that lawsuit Mr. Brown.  As the true facts started to come to light in that suit and his attorney sought to withdraw from representing Forrester, he abandoned that suit and it was terminated in favor of Mr. Brown.

6.     Mr. Brown now asserts counterclaims against John Winston Forrester for: (1) declaratory judgment that the old mineral lease acquired by Forrester has terminated and he has no right title or interest in or to the property that was previously the subject of the leasehold estate; (2)

declaratory judgment that Forrester does not have any right to access Mr. Brown's property by virtue of the old mineral lease he acquired; and (3) malicious prosecution.

**FACTS**

7. Counter-Plaintiff James A. Brown owns real property in Wood County, Texas. That property includes tracts of land described by the Wood County Appraisal District as Property No. 20574, Property No. 55607, Property No. 69763, and Property No. 69764.

8. Part—but not all—of Property No. 69763 is within the metes and bounds of a mineral lease from W.T. Blackwell and wife Annie May Blackwell to J.R. Goldsmith recorded in Wood County property records at Volume 586, Page 386 (the "Blackwell Lease"). On information and belief, Property No. 20574, Property No. 55607, and Property No. 69764 are not, and were never, within the metes and bounds of the Blackwell Lease. Further, on information and belief, none of Property No. 14026 (owned by the family of co-defendant Jerry Wayne Boone) was ever within the metes and bounds of the Blackwell Lease.

9. The Blackwell Lease was executed in 1967 and had a primary term of five years. After that primary term, the Blackwell Lease was only effective as long as oil, gas, or other mineral were produced from that land or land that it was pooled with. On information and belief, production of oil, gas, or other mineral from that land or land that it was pooled with ended long before John Winston Forrester acquired it, thereby terminating the Blackwell Lease before he ever acquired it.

10. Counter-Defendant John Winston Forrester claims to have purchased the Blackwell Lease, effective October 1, 2015. While he was negotiating that purchase—and before he ever purchased the Blackwell Lease—John Winston Forrester alleges he repeatedly attempted to come onto property owned by Mr. and property owned by the Boone family to access what he claims was "his property" by virtue of the Blackwell Lease. However, the property he "accessed" was never

within the metes and bounds of the Blackwell Lease. Forrester, in fact, had no right to access it. He was a trespasser. Once Forrester purchased the Blackwell Lease, those efforts became more intense.

11. When his self-help approach did not yield the results he wanted, John Winston Forrester sued Mr. Brown and Mr. Boone in Texas state court seeking a temporary restraining order, a temporary injunction, and a permanent injunction against Mr. Brown and Mr. Boone seeking access to or across property that he had no right to enter. Those actions, however, were taken maliciously and without probable cause. Instead, John Winston Brown sought to mislead the state court to get the relief he wanted and then abandoned that suit as the true facts began to come to light.

12. For example, John Winston Forrester pled that this purchase of the Blackwell Lease was accompanied by an "easement that had been used for decades" that ran across the Boone property and portions of Mr. Brown's property. John Winston Forrester went on in those pleadings to complain that "Boone blocked access through the existing easement." No evidence of any such easement was ever produced in that suit and, on information and belief, no record of any such easement exists in the Wood County property records. Accordingly, Mr. Forrester had no right to access the Blackwell Lease through any alleged easement.

13. By way of further example, John Winston Forrester also complained to the state court suit that Mr. Brown's ranch hand "barred Mr. Forrester from crossing Mr. Brown's property, even though Mr. Brown's property is the surface of the leased mineral estate." What John Winston Forrester did not tell the state court is that this incident occurred when Forrester, with no advance warning or permission, cut his way through a gate on a portion of Mr. Brown's property that was

never subject to the Blackwell Lease and that Forrester knew was not part of the Blackwell Lease. In other words, Forrester trespassed.

14. John Winston Forrester's allegations in this Court, as in the state court action, are likewise inaccurate (and as discovery we believe will reveal, knowingly so). For example, in Paragraph 26 of his First Amended Complaint, he tells the Court:

> On or about October 24, 2015, Winston Forrester attempted to access the Blackwell lease via a gate on Farm Market Road 2966 ("FM 2966") to recover millions of dollars' worth of equipment he had rented that had been stranded in the mud on the Blackwell lease following a heavy rainstorm. Defendant John A. Hammack, an employee of Sheriff Brown, met Winston Forrester at the gate, shouting profanities and attempting to prevent Winston from entering upon the Blackwell lease—i.e. Winston Forrester's own property.

However, none of Mr. Brown's property that fronts FM 2966 was ever subject to the Blackwell Lease, and therefore, could not possibly constitute "Winston Forrester's own property."

15. It is also worth noting that John Winston Forrester knew the true facts relating to the ownership of that portion of property when he filed his First Amended Complaint. Indeed, his attorney in the state court suit alluded to that fact in a hearing not long before he withdrew from representing John Winston Forrester "because the clients are unable to meet the requirements to maintain a good attorney-client relation, making it untenable for counsel to continue to represent Forrester."

16. John Winston Forrester's misleading efforts enabled him to obtain both a temporary restraining order and a temporary injunction against Mr. Brown. When it came time to try the state court case on the merits, however, John Winston Forrester did not appear and his suit against Mr. Brown and Mr. Boone was dismissed. John Winston Forrester did not seek to reinstate that suit or appeal its dismissal; thus, that dismissal is now final and unappealable. The temporary restraining order John Winston Forrester had obtained against Mr. Brown had already expired by then. The temporary injunction he had obtained against Mr. Brown expired when the trial date

came and went. John Winston Forrester was never granted the permanent injunction he sought in that suit. John Winston Forrester was never awarded the court costs he sought in that suit. John Winston Forrester was never awarded the "all other relief to which Forrester is entitled" he sought in that suit. Thus, that state court suit was terminated in Mr. Brown's favor. Mr. Brown now asserts a counterclaim against John Winston Forrester for malicious prosecution.

17. As evidenced by his pleadings in the state court suit (and implicit in the First Amended Complaint in this suit), John Winston Forrester contends that (1) he owns rights to Mr. Brown's land by virtue of the Blackwell Lease; and (2) he has the right to enter onto the property of Mr. Brown and Mr. Boone. Mr. Forrester claims rights under a written lease that do not exist, and that create uncertainty regarding the relative rights and legal status of Mr. Brown that will continue unless addressed by this Court. Accordingly, Mr. Brown now asserts a counterclaim for a declaratory judgment that: (1) the Blackwell Lease terminated before it was ever acquired by John Winston Forrester; and (2) John Winston Forrester has no right to enter the property of Mr. Brown by virtue of the Blackwell Lease.

## CAUSES OF ACTION

**Declaratory Judgment that the Blackwell Lease is Terminated**

18. Counter-Plaintiff incorporates the above paragraphs by reference.

19. As referenced above, Mr. Brown has rights to real property located in Wood County, Texas pursuant to various deeds. At the same, John Winston Forrester claims to have rights to that same property pursuant to the Blackwell Lease.

20. After the primary term of the Blackwell Lease (which ended in 1972), it was only effective as long as oil, gas, or other mineral were produced from that land or land that it was pooled with. Production of oil, gas, or other mineral from that land or land that it was pooled with ended long

before John Winston Forrester acquired it, thereby terminating the Blackwell Lease even before John Winston Forrester acquired it. Nevertheless, Forrester claims, and continues to claim, rights in and to Mr. Brown's property under the Blackwell Lease.

21. Pursuant to the Texas Uniform Declaratory Judgments Act, a person interested under a writing may have determined any question of construction or validity arising under the writing and obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 2015).

22. A question of the validity of the Blackwell Lease has arisen in that Forrester claims legal rights thereunder, and Mr. Brown maintains that it has long since terminated and conveys no rights to Forrester. As such, James Brown hereby seeks a declaration that the Blackwell Lease terminated before it was ever acquired by John Winston Forrester.

**Declaratory Judgment that John Winston Forrester has no Right to Come onto the Property**

23. Counter-Plaintiff incorporates the above paragraphs by reference.

24. As referenced above, Mr. Brown has rights to real property located in Wood County, Texas, pursuant to various deeds. At the same, John Winston Forrester claims to have the right to come onto that same property pursuant to the Blackwell Lease, including property not within the Blackwell Lease.

25. Mr. Brown further seeks a declaration that John Winston Forrester has no right of access on or across Mr. Brown's property by virtue of the Blackwell Lease.

26. Pursuant to the Texas Uniform Declaratory Judgments Act, a person is entitled to recover costs and reasonable attorney fees that are equitable and just. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2015). James Brown therefore seeks his costs and reasonable and necessary attorney's fees for having to seek and obtain the declaratory relief sought.

**Malicious Prosecution**

27.     Counter-Plaintiff incorporates the above paragraphs by reference.

28.     As referenced above, a civil suit was instituted against Mr. Brown at the insistence of John Winston Forrester, who acted with malice in the commencement of that suit, as he knew that he did not have the rights he asserted in that action and that he lacked probable cause for that suit. That suit was terminated in favor of Mr. Brown, who suffered damages thereby, including but not limited to being subject to both a temporary restraining order and a temporary injunction, which constitute special damages as a result of that malicious prosecution by John Winston Forrester. Mr. Brown also seeks actual and exemplary damages for Forrester's conduct.

### RELIEF REQUESTED

29.     Counter-Plaintiff incorporates the above paragraphs by reference.

30.     The above-referenced acts and omissions of John Winston Forrester have caused Mr. Brown damages and also necessitate the declaratory relief sought by Mr. Brown. Accordingly, Mr. Brown seeks:

- Actual and exemplary damages for John Winston Forrester's malicious prosecution;
- A declaration that the Blackwell Lease terminated before it was acquired by John Winston Forrester;
- A declaration that John Winston Forrester has no right to enter or access Mr. Brown's property by virtue of the Blackwell Lease;
- Attorney's fees incurred the prosecution of Mr. Brown's requests for declaratory judgment;
- Pre- and post-judgment interest as applicable;
- Taxable court costs; and
- Such other and further relief to which Mr. Brown may be entitled.

# PRAYER

WHEREFORE, James A. Brown respectfully requests the Court render judgment in his favor against John Winston Forrester awarding Mr. Brown the following relief: actual and exemplary damages for John Winston Forrester's malicious prosecution; a declaration that the Blackwell Lease terminated before it was acquired by John Winston Forrester; a declaration that John Winston Forrester has no right to come onto Mr. Brown's property by virtue of the Blackwell Lease; attorney fees incurred the prosecution of Mr. Brown's requests for declaratory judgment; pre and post judgment interest as applicable; taxable court costs; and such other and further relief to which Mr. Brown may be entitled.

Respectfully submitted,

By: _____
GRANT D. BLAIES
State Bar No. 00783669
Email: grantblaies@bhilaw.com

JAMES W. HRYEKEWICZ
State Bar No. 00784298
E-mail: jenniferlitke@bhilaw.com

BLAIES & HIGHTOWER, L.L.P.
421 W. Third Street, Suite 900
Fort Worth, Texas 76102
817-334-0800 (Telephone)
817-334-0574 (Facsimile)

ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF JAMES A. BROWN

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2018, I electronically filed the foregoing document with the clerk for the U. S. District Court, Eastern District of Texas, using the Electronic Case Filing system of the Court, by way of which copies were served on the following known counsel of record:

Wm. Andrew Messer (andy@txmunicipallaw.com)
Brett Gardner (brett@txmunicipallaw.com)
Ashley McSwain (ashley@txmunicipallaw.com)
MESSER, ROCKEFELLER & FORT, PLLC
6371 Preston Road, Suite 200
Frisco, Texas 75034

Robert S. Davis (rds@flowersdavis.com)
Lee I. Correa (lic@flowersdavis.com)
FLOWERS DAVIS, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701

Grant D. Blaies