**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JOHN WINSTON FORRESTER;** | § | |
| **JOHN PHILIP FORRESTER;** | § | |
| **JAMES TERRY; JASON WEBB;** | § | |
| **ALBERTO RODRIQUEZ;** | § | |
| **JASON FLOYD SMITH;** | § | |
| **ROBERT BENNINGER; AND,** | § | **CIVIL ACTION NO. 6:17CV561** |
| **JOSHUA HOWELL;** | § | |
| **Plaintiffs,** | § | *JURY DEMANDED* |
| | § | |
| **v.** | § | |
| | § | |
| **WOOD COUNTY TEXAS;** | § | |
| **JAMES A. BROWN, in his individual** | § | |
| **capacity; WILLIAM MILES TUCKER,** | § | |
| **in his individual capacity;** | § | |
| **KELLY SMITH, in his individual** | § | |
| **capacity; KEVIN ATKINSON, in his** | § | |
| **individual capacity; STEPHEN CATES,** | § | |
| **in his individual capacity;** | § | |
| **JOHN A. HAMMACK, and** | § | |
| **JERRY WAYNE BOONE,** | § | |
| **Defendants.** | § | |

## DEFENDANT WOOD COUNTY, TEXAS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Wood County, Texas ("hereinafter "Defendant"), in the above-entitled cause, and files this its First Amended Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, and would respectfully show unto the Court as follows:

## I. **ANSWER**

1.      No answer is required to the first unnumbered paragraph of Plaintiffs' First Amended Complaint; however, to the extent an answer is required, Defendant denies the averments contained in such paragraph.

2.      Defendant admits that John Winston Forrester is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 1 of Plaintiffs' First Amended Complaint.

3.      Defendant admits that John Philip Forrester is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 2 of Plaintiffs' First Amended Complaint.

4.      Defendant admits that James Terry is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 3 of Plaintiffs' First Amended Complaint.

5.      Defendant admits that Jason Webb is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 4 of Plaintiffs' First Amended Complaint.

6.      Defendant admits that Alberto Rodriguez is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 5 of Plaintiffs' First Amended Complaint.

7.      Defendant admits that Jason Floyd Smith is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 6 of Plaintiffs' First Amended Complaint.

8.      Defendant admits that Robert Benninger is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 7 of Plaintiffs' First Amended Complaint.

9.      Defendant admits that Joshua Howell is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 8 of Plaintiffs' First Amended Complaint.

10.     Defendant admits that Jose Perez is a Plaintiff in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 9 of Plaintiffs' First Amended Complaint.

11.     Defendant admits Wood County, Texas is a governmental entity in the State of Texas and that it may be served with process by serving County Judge Bryan Jeanes.

12.     Defendant admits that James A. Brown is a Defendant in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 11 of Plaintiffs' First Amended Complaint.

13.     Defendant admits that William Miles Tucker is a Defendant in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 12 of Plaintiffs' First Amended Complaint.

14.     Defendant admits Kelly Smith is a resident of Texas and that he may be served at 716 Greenville Avenue, Mineola, Texas 75773.

15.     Defendant admits Kevin Atkinson is a resident of Texas and that he may be served at 300 Greenville Avenue, Mineola, Texas 75773.

16.   Defendant admits that Stephen Cates is a Defendant in this case.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 15 of Plaintiffs' First Amended Complaint.

17.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 16 of Plaintiffs' First Amended Complaint.

18.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 17 of Plaintiffs' First Amended Complaint.

19.   Defendant admits Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments; however, Defendant denies that Plaintiffs' constitutional rights were violated.

20.   Defendant admits that this Court has jurisdiction in the instant case.

21.   Defendant admits that venue is proper in the Tyler Division of the Eastern District of Texas.

22.   Defendant denies the averments contained in paragraph 21 of Plaintiffs' First Amended Complaint.

23.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 22 of Plaintiffs' First Amended Complaint.

24.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 23 of Plaintiffs' First Amended Complaint, including the drawing.

25.   Defendant admits that in 2015, James A. Brown owned the land on which the "Blackwell lease" was located.  Defendant admits that James A. Brown was the

duly-elected Sheriff of Wood County from January 1, 2013 to December 31, 2016 and that he was licensed as a Texas peace officers after he was elected to office. Defendant admits that during the time James A. Brown served as Sheriff, he was the County policymaker of Sheriff's Office policies.  Defendant is without sufficient information or knowledge to admit or deny whether Winston Forrester was interested in purchasing property.  Defendant denies the remaining averments contained in paragraph 24 of Plaintiffs' First Amended Complaint.

26.   Defendant denies the averments contained in paragraph 25 of Plaintiffs' First Amended Complaint.

27.   Defendant denies the averments contained in the heading found between paragraphs 25 and 26 of Plaintiffs' First Amended Complaint.

28.   Defendant admits that Winston Forrester entered the property in question  from FM 2966 on October 24, 2015.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 26 of Plaintiffs' First Amended Complaint.

29.   Defendant admits that Wood County Deputy Stephen Cates was dispatched to FM 2966 and CR 1326 in Quitman, Texas, at approximately 6:23 p.m. on October 24, 2015 on a criminal trespass complaint, and that Deputy Cates made contact with Winston Forrester.  Defendant admits that Winston Forrester was not charged with a crime on October 24, 2015.   Defendant denies the remaining averments contained in paragraph 27 of Plaintiffs' First Amended Complaint.

30.   Defendant admits that Wood County Deputies Kelly Smith and Kevin Atkinson were dispatched to FM 2966 in Quitman, Texas on October 26, 2015 on a criminal mischief complaint, and that the Deputies made contact with Winston Forrester. Defendant admits that a Class C criminal mischief citation was issued to Winston Forrester on October 26, 2015.  Defendant is without sufficient information or knowledge to admit or deny the averments contained in the first and second sentences of paragraph 28.  Defendant denies the remaining averments contained in paragraph 28 of Plaintiffs' First Amended Complaint.

31.   Defendant admits that a Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction was entered on or about October 29 and/or 30, 2015. Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 29 of Plaintiffs' First Amended Complaint.

32.   Defendant admits that a Wood County Arrest Warrant was issued for Winston Forrester on the charge of Criminal Mischief, Penal Code 28.03, a state jail felony. Defendant admits that Winston Forrester has not been indicted for criminal mischief.  Defendant denies the remaining averments contained in paragraph 30 of Plaintiffs' First Amended Complaint.

33.   Defendant denies the averments contained in the heading found between paragraphs 30 and 31 of Plaintiffs' First Amended Complaint.

34.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 31 of Plaintiffs' First Amended Complaint.

35.   Defendant admits that Winston Forrester and John Forrester were shot on November 2, 2015.  Defendant denies that "Boone had received orders from Sheriff Brown to shoot them."   Defendant denies that Boone was "authorized by Sheriff Brown to stop Winston Forrester's access to the Blackwell well 'by any means necessary.'"   Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 32 of Plaintiffs' First Amended Complaint.

36.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 33 of Plaintiffs' First Amended Complaint.

37.   Defendant denies the averments contained in the heading found between paragraphs 33 and 34 of Plaintiffs' First Amended Complaint.

38.   Defendant admits a 911 call was made on November 2, 2015 and that Wood County Deputies responded to Jerry Boone's residence.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 34 of Plaintiffs' First Amended Complaint.

39.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 35 of Plaintiffs' First Amended Complaint.

40.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 36 of Plaintiffs' First Amended Complaint.

41.   Defendant admits that a Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction was entered on or about October 29 and/or 30, 2015 and that it expired less than 20 days after it was entered.  Defendant is without sufficient

information or knowledge to admit or deny the averments contained in the first two sentences contained in paragraph 37 of Plaintiffs' First Amended Complaint. Defendant denies the remaining averments contained in paragraph 37 of Plaintiffs' First Amended Complaint.

42.   Defendant reasserts its responses to paragraphs 1 through 37 of Plaintiffs' First Amended Complaint.

43.   No answer is required to paragraph 39 of Plaintiffs' First Amended Complaint; however, to the extent an answer is required, Defendant denies that it is liable to Plaintiffs under 42 U.S.C. § 1983.

44.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 40 of Plaintiffs' First Amended Complaint.

45.   Defendant admits that during James A. Brown's tenure as the duly-elected Sheriff of Wood County, he was the policymaker responsible for implementing the policies of the Wood County Sheriff's Office.

46.   Defendant denies the averments contained in paragraph 42 of Plaintiffs' First Amended Complaint, including subsections a through h.

47.   Defendant reasserts its responses to paragraphs 1 through 42 of Plaintiffs' First Amended Complaint.

48.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 44 of Plaintiffs' First Amended Complaint.

49.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 45 of Plaintiffs' First Amended Complaint.

50.   Defendant denies the averments contained in paragraph 46 of Plaintiffs' First Amended Complaint.

51.   Defendant denies that Winston Forrester was unlawfully arrested, detained and seized on October 26, 2015.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 47 of Plaintiffs' First Amended Complaint.

52.   Defendant denies the averments contained in paragraph 48 of Plaintiffs' First Amended Complaint.

53.   Defendant reasserts its responses to paragraphs 1 through 49 of Plaintiffs' First Amended Complaint.

54.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 50 of Plaintiffs' First Amended Complaint.

55.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 51 of Plaintiffs' First Amended Complaint.

56.   Defendant denies the averments contained in paragraph 52 of Plaintiffs' First Amended Complaint.

57.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 53 of Plaintiffs' First Amended Complaint.

58.   Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 54 of Plaintiffs' First Amended Complaint.

59.   Defendant denies the averments contained in paragraph 55 of Plaintiffs' First Amended Complaint.

60.  Defendant reasserts its responses to paragraphs 1 through 55 of Plaintiffs' First Amended Complaint.

61.  Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 57 of Plaintiffs' First Amended Complaint.

62.  Defendant denies the averments contained in paragraph 58 of Plaintiffs' First Amended Complaint.

63.  Defendant denies the averments contained in paragraph 59 of Plaintiffs' First Amended Complaint.

64.  Defendant denies the averments contained in the second sentence of paragraph 60 of Plaintiffs' First Amended Complaint.  Defendant is without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 60 of Plaintiffs' First Amended Complaint.

65.  Defendant reasserts its responses to paragraphs 1 through 60 of Plaintiffs' First Amended Complaint.

66.  Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 62 of Plaintiffs' First Amended Complaint.

67.  Defendant is without sufficient information or knowledge to admit or deny the averments contained in paragraph 63 of Plaintiffs' First Amended Complaint.

68.  Defendant reasserts its responses to paragraphs 1 through 63 of Plaintiffs' First Amended Complaint.

69.  Defendant denies the averments contained in paragraph 65 of Plaintiffs' First Amended Complaint.

70.   Defendant denies the averments contained in paragraph 66 of Plaintiffs' First Amended Complaint.

71.   Defendant reasserts its responses to paragraphs 1 through 67 of Plaintiffs' First Amended Complaint.

72.   Defendant denies the averments contained in paragraph 68 of Plaintiffs' First Amended Complaint.

73.   Defendant denies the averments contained in paragraph 69 of Plaintiffs' First Amended Complaint.

74.   Defendant reasserts its responses to paragraphs 1 through 69 of Plaintiffs' First Amended Complaint.

75.   Defendant denies the averments contained in paragraph 71 of Plaintiffs' First Amended Complaint.

76.   Defendant denies the averments contained in paragraph 72 of Plaintiffs' First Amended Complaint.

77.   Defendant admits that Plaintiffs seek attorney's fees and expenses; however, Defendant denies it is liable to Plaintiffs and denies Plaintiffs are entitled to any relief under § 1988, as requested in paragraph 73 of Plaintiffs' First Amended Complaint.

78.   Defendant reasserts its responses to paragraphs 1 through 73 of Plaintiffs' First Amended Complaint.

79.   Defendant admits that Plaintiffs seek the damages listed in this paragraph; however, Defendant denies it is liable to Plaintiffs and denies Plaintiffs are entitled

to any relief, as requested in paragraph 75 of Plaintiffs' First Amended Complaint. Defendant denies the remaining averments contained in paragraph 75 of Plaintiffs' First Amended Complaint.

80. Defendant admits that Plaintiffs seek interest; however, Defendant denies it is liable to Plaintiffs and denies Plaintiffs are entitled to any relief, as requested in paragraph 76 of Plaintiffs' First Amended Complaint.

81. Defendant admits Plaintiffs seek a jury.

82. Defendant denies that its is liable to Plaintiffs and denies Plaintiffs are entitled to any relief requested in the last unnumbered paragraph of Plaintiffs' First Amended Complaint.   Defendant denies the remaining averments contained in the last unnumbered paragraph of Plaintiffs' First Amended Complaint.

## II. <u>AFFIRMATIVE DEFENSES</u>

1. Defendant Wood County, Texas is entitled to the defense of Sovereign Immunity from suit.   Plaintiffs have made absolutely no allegation that could satisfy the required criteria to hold a sub-division of the State of Texas liable for these claims pursuant to *Monell* and its progeny.

2. Defendant Wood County, Texas asserts that it cannot be liable to Plaintiffs because Plaintiffs were not injured as a result of any constitutionally defective policy, custom or practice of Wood County, Texas.  No policy, custom or practice of Wood County caused Plaintiffs a constitutional deprivation or damages.

3. Defendant Wood County, Texas asserts that it cannot be liable for punitive or exemplary damages under any circumstances.

4.      Defendant Wood County, Texas asserts that it is not liable for any claims of state law causes of action since there is no waiver of immunity under the Texas Tort Claims Act or other legislative enactment abrogating immunity.

6.      Defendant Wood County, Texas asserts that no presentment was ever made to the Commissioners' Court, which is a required pre-requisite to suit.

7.      Defendant asserts Plaintiffs' claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

8.      Defendant asserts that Plaintiffs have failed to mitigate their damages.

9.      Defendant asserts that Plaintiffs' own actions were the sole cause of their injuries, if any.

10.     Defendant asserts that Plaintiffs assumed the risk of their injuries, if any.

## III.  JURY DEMAND

Defendant respectfully requests a trial by jury of all issues so triable pursuant to Rule 39(b) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiffs take nothing pursuant to their Complaint, and requests attorneys' fees, costs of Court, and expert witness fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

**FLOWERS DAVIS, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

_____
**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com
**LEE I. CORREA**
State Bar. No. 24072049
lic@flowersdavis.com

**ATTORNEYS FOR DEFENDANT**
**WOOD COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on April 19, 2018, in the following manner:

  X   Via ECF

_____
**Lee I. Correa**